UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-CV-62164-Dimitrouleas/Snow

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN AND PATRICIA KENNEDY,

    Plaintiff,

v.

SHANGHAI TOKYO, INC.,

    Defendant.
_____/

**DEFENDANT'S, SHANGHAI TOKYO, INC.,
ANSWER TO AMENDED COMPLAINT AND CROSS CLAIM**

Defendant, Shanghai Tokyo, Inc., by and through the undersigned counsel, hereby file this Answer TO Amended Complaint and Cross Claim against Defendant, Regency Centers, L. P. and state as follows:

**JURISDICTION**

1. Defendant admits the allegations of paragraph 1 of Plaintiff's Complaint.

**PARTIES**

2. Defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations of paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations of paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint as it refers to the individual defendants in their individual capacity, but denies the allegations as to the corporate entity.

6. Defendant denies the allegations of Paragraph 6 of the Complaint. The corporate entity is neither disabled nor has it been denied access to a public accommodation.

7. Defendant admits it is a Florida Corporation and transacts business in the State of Florida and within the judicial district. Defendant denies that it owns or operates the Facility or the property. Defendant admits it is a sub-lessee of the Facility, but neither owns not operates the Facility and or improvements. Under the terms of its sublease, Defendant merely conducts business within the Facility owned by others

8. Defendant admits that Regency Centers, L. P. (hereinafter, "Regency") is a Delaware Limited Partnership and transacts business in the State of Florida as well as owns real property in the State of Florida. Defendant admits the jurisdictional allegations as to Regency. Defendant admits that Regency is the owner and operator of the shopping center and the Facility.

## FACTUAL ALLEGATIONS AND CLAIM

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

13. Defendant admits the allegations of paragraph 13 of the Complaint.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

15. Defendant admits the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18.   Defendant denies the allegations of paragraph 18 of the Complaint.

19.   Defendant denies the allegations of paragraph 19 of the Compliant.

20.   Defendant denies the allegations of paragraph 20 of the Complaint.

21.   Defendant denies the allegations of paragraph 21 of the Complaint.

22.   Defendant denies the allegations of paragraph 23 of the Complaint.

23.   Defendant denies the allegations of paragraph 23 of the Complaint.

24.   Defendant denies the allegations of paragraph 24 of the Complaint.

WHEREFORE, Defendant ask this Court to enter judgment in favor of Defendant and against Plaintiffs and that Plaintiffs take nothing.

## DEFENDANT'S, SHANGHAI TOKYO, INC., CROSSCLAIM FOR INDEMNITY AGAINST REGENCY CENTERS, L. P.

Defendant/Cross Claimant, Shanghai Tokyo, Inc. (hereinafter, "Shanghai") hereby files its Cross Complaint against Cross Defendant, Regency Centers, L. P., (hereinafter, "Regency") and states:

1.   Shanghai is a Florida corporation formed on November 9, 2009.

2.   Regency is a Delaware Limited Partnership formed on December 16, 1996.

3.   Shanghai is a sub lessee/tenant of a 1380 square foot space and Regency is landlord and owner of the 109949 square foot shopping center containing Shanghai's leased premises.  Plaintiff does not have a complete copy of the lease, but will secure a complete copy through discovery.  Attached as Composite Exhibit "A" are the (i) First Modification to the Lease Agreement dated October 8, 2007; (ii) Assignment and Assumption Agreement and Second Modification to Lease Agreement dated January 28, 2010; and the Assignment

CASE NUMBER: 11-CV-62164-Dimitrouleas/Snow

and Assumption Agreement and Second Modification to Lease Agreement dated February 3, 2010.

4. The conditions complained of in the Amended Complaint were in existence prior to Shanghai's occupation of the premises and assumption of the lease and were not of Shanghai's creation.

5. The conditions complained of in the Amended Complaint were created by the property owner, Regency, and are beyond Shanghai's authority or power to correct under the terms of the lease.

6. If Shanghai is found liable to Plaintiffs, it is solely for the failure of Regency to properly construct and maintain the premises and not due to any actions of Shanghai itself.

WHEREFORE, Shanghai requests this Court to enter judgment in its favor and against Regency and order that Regency indemnify Shanghai for any and all damages, costs of defense including attorney's fees and any additional relief as this Court deems proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail, postage prepaid to: All Parties on the CM/ECF Service List, on this 4th day of November, 2011.

By: /S/ ANDREW J. PALMER
ANDREW J. PALMER, FBN 0016194
PALMER LAW GROUP, P.A.
Attorneys for Defendant
5353 North Federal Highway
Suite 207
Fort Lauderdale, Florida 33308
Telephone: (954) 491-1300
Facsimile: (954) 491-1997
E-mail: ajpalmer@palmerlawgroup.com